UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOMINGO GARCIA ALCANTARA,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. C26-3698-SKV

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Domingo Garcia Alcantara is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he alleges that his continued detention without an individualized bond hearing violates his due process rights. Dkt. 1. Respondents filed a timely return to the petition, Dkt. 5, together with supporting declarations from ICE Deportation Officer Chris Hubbard, Dkt. 6, and their counsel Michelle Lambert, Dkt. 7. Petitioner filed a traverse in reply. Dkt. 8. The Court having reviewed the parties' submissions, and the governing law, DENIES Petitioner's petition for writ of habeas corpus. [1]

[1] The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 4.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala who originally entered the United States in 2018. Dkt. 1, ¶ 25; Dkt. 6, ¶¶ 3-4. On November 12, 2018, Petitioner was encountered by a U.S. Border Patrol agent near the Tornillo, Texas Port of Entry, after having waded across the Rio Grande River. Dkt. 6, ¶ 4; Dkt. 7, Ex. A at 3. Petitioner was processed for expedited removal under section 235(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(1), and an immigration officer issued a Notice and Order of Expedited Removal on November 13, 2018. Dkt. 6, ¶ 5; Dkt. 7, Ex. B. The following day, November 14, 2018, Petitioner pled guilty to an illegal entry charge in the United States District Court for the Western District of Texas and he was sentenced to time served. Dkt. 6, ¶ 6; Dkt. 7, Ex. C. The Department of Homeland Security ("DHS") removed Petitioner to Guatemala on December 13, 2018. Dkt. 6, ¶ 7; Dkt. 7, Ex. D.

Petitioner re-entered the United States on or around April 21, 2021, without being apprehended. Dkt. 1, ¶ 26. On August 6, 2026, an ICE fugitive operations team arrested Petitioner in Belfair, Washington. *See id*, ¶ 27; Dkt. 6, ¶ 8. Petitioner was transported to the NWIPC following his arrest and processing, and he remains detained there pending his removal. *See* Dkt. 6, ¶ 12; Dkt. 7, Ex. E at 3-4.

On the day of Petitioner's arrest, ICE reinstated the order of removal entered against him on November 13, 2018. Dkt. 6, ¶ 8; Dkt. 7, Ex. G. At some point thereafter, Petitioner expressed a fear of returning to Guatemala and he was referred for a reasonable fear interview. Dkt. 6, ¶ 9. On August 19, 2026, Petitioner filed a petition for review with the Ninth Circuit in which he complained that he had not been afforded a prompt reasonable fear interview and sought a stay of his removal. *See Garcia Alcantara v. Blanche*, No. 26-5369 (9th Cir.), Dkts. 3,

6. Petitioner's petition for review also vaguely challenged his underlying 2018 removal order. *See id.*, Dkt. 3. On August 20, 2026, the Ninth Circuit entered a temporary stay of removal pursuant to Ninth Circuit General Order 6.4. *Id.*, Dkt. 4.

On September 30, 2026, a U.S. Citizenship and Immigration Services asylum officer conducted a reasonable fear interview with Petitioner and issued a negative reasonable fear determination. Dkt. 6, ¶ 9. Petitioner thereafter requested review of that determination by an immigration judge, and a hearing was scheduled for October 27, 2026. *Id.*, ¶ 10. The record contains no information regarding the outcome of that hearing.

## II. LEGAL STANDARD

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain relief by showing that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). A petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## III. DISCUSSION

Petitioner asserts in his petition that he is currently seeking judicial review of the reinstatement of his prior removal order, that the Ninth Circuit has stayed his removal, that he is thus detained pursuant to 8 U.S.C. § 1226(a), and that Respondents have failed to provide him with a meaningful opportunity to be heard before a neutral decisionmaker to determine if his continued detention is justified. *See* Dkt. 1. Petitioner alleges that his continued detention without an individualized custody determination violates the Due Process Clause of the Fifth

Amendment.], and he seeks immediate release from custody or, in the alternative, a prompt individualized bond hearing. *Id.*

Respondents argue in response that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a) because his reinstated removal order became administratively final on August 6, 2026, the date it was reinstated, and § 1231(a) mandates detention during the 90-day removal period which, according to Respondents, ended on November 4, 2026. Dkt. 5 at 9-10. Respondents further argue that even if the Court were to conclude Petitioner is not detained pursuant to § 1231(a) at this time, he would be subject to mandatory detention under 8 U.S.C. § 1225(b)(1), and not discretionary detention under § 1226(a) as Petitioner argues. *Id.*

**A. Statutory Detention Authority**

The INA expressly permits detention of noncitizens who were admitted to the United States but subsequently ordered removed during immigration proceedings. 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a). Section 1225 authorizes the government to detain certain noncitizens seeking admission into the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the Unites States ('applicants for admission' in the language of the statute)." *Id.* at 297. Noncitizens are considered "applicants for admission" when they "arrive" in the United States or are "present" in this country but have "not been admitted." 8 U.S.C. § 1225(a)(1). "[A]pplicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." *Jennings*, 583 U.S. at 287. Section 1225(b)(1) applies to noncitizens who are "initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.* (citing § 1225(b)(1)(A)(i)). Noncitizens who fall under

§ 1225(b)(1) are "normally ordered removed 'without further hearing or review' pursuant to an expedited removal process." *Id.* (citing § 1225(b)(1)(A)(i)). Section 1225(b)(2) is broader and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)[.]" *Id.* Applicants for admission under either § 1225(b)(1) or § 1225(b)(2) are subject to mandatory detention.

Section 1226 provides the general process for arresting and detaining noncitizens present in the United States pending their removal. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). Section 1226(a) establishes the "default rule," giving the government broad discretion over detention matters. *See id.* In accordance with § 1226(a), the government may release a detainee on bond during the pendency of the detainee's removal proceedings. *Id.*

Section 1231(a) governs the detention and release of noncitizens who have been ordered removed. During the "removal period," which typically lasts 90 days, detention is mandatory. 8 U.S.C. § 1231(a)(2). The removal period is triggered by the latest of the following: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order; or (3) if the noncitizen is detained or confined (except under an immigration process), the date the noncitizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(A)-(B); *see Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021) (an order of removal becomes "administratively final" within the meaning of 8 U.S.C. § 1231(a)(1)(B)(i) when "the agency's review proceedings" are complete).

Where, as here, a noncitizen reenters the United States illegally after having been removed under an order of removal, the prior order of removal is reinstated from its original date. 8 U.S.C. § 1231(a)(5). The statute provides that the reinstated removal order "is not

subject to being reopened or reviewed" and that the noncitizen "shall be removed under the prior order at any time after reentry." *Id.* The Ninth Circuit has held that though the language of § 1231(a)(5) bars most collateral challenges to the validity of the removal order being reinstated, judicial review is available in the narrow circumstance where the noncitizen can show that a "gross miscarriage of justice" occurred in the original removal proceedings. *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1192 (9th Cir. 2021) (citing *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137-38 (9th Cir. 2008). However, the Ninth Circuit has also explained that this "narrow sliver of jurisdiction" is foreclosed when the underlying order is an expedited removal order. *Id.*

**B. Analysis**

Respondents maintain that Petitioner's reinstated removal order became administratively final on the date of its reinstatement and that he is therefore detained pursuant to § 1231(a)(2) and subject to the mandatory 90-day detention period. Dkt. 5 at 9. As noted above, "administrative finality" is one of three events that can trigger the 90-day removal period. 8 U.S.C. § 1231(a)(1)(B)(i). Petitioner maintains that the removal period has not yet been triggered because he has a petition for review pending in the Ninth Circuit and a stay has been entered, and thus, his detention "remains governed by § 1226(a) while judicial review is pending." Dkt. 1 at 8 (citing 8 U.S.C. § 1231(a)(1)(B)(ii); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059, 1062, 1067-68 (9th Cir. 2008)).

The Court first observes that assuming Respondents are correct that Petitioner's detention is governed by § 1231(a)(2), Petitioner would no longer be subject to mandatory detention because the 90-day removal period, according to Respondents' calculations, has now expired. However, because Petitioner has at this point been detained for just over three months pursuant to his reinstated order of removal, his detention would remain authorized under § 1231(a). *See*

*Zadvydas*, 533 U.S. at 701 (holding that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal and recognizing six months as the "presumptively reasonable" period). Thus, if Petitioner's detention is governed by § 1231(a), he remains lawfully detained though not subject to mandatory detention.

Assuming, as Petitioner argues, that his detention has not shifted to § 1231(a) because there is a judicial stay in place and the removal period has not yet been triggered, the question remains which alternative statutory provision governs his current detention. Petitioner maintains that his detention is governed by § 1226(a), and he appears to rely on the Ninth Circuit's decision in *Prieto-Romero* to support the proposition that when a court of appeals stays removal in conjunction with a petition for review challenging a removal order, detention is governed by § 1226(a) while judicial review is pending. *See* Dkt. 1 at 8. Respondents argue that if § 1231(a) does not apply while Petitioner's petition for review remains pending, he is subject to mandatory detention pursuant to § 1225(b)(1) because his detention would constitute a continuation of the expedited removal process initiated in 2018. Dkt. 5 at 11.

Petitioner's reliance on *Prieto-Romero* is misplaced. As Respondents correctly note, *Prieto-Romero* focused on the scope of § 1226(a). Dkt. 5 at 11. There, the petitioner was a lawful permanent resident whose initial detention was governed by § 1226(a), and the Ninth Circuit concluded that that initial detention status continued to govern not only through the administrative removal proceedings and review process, but also through the judicial review process. 534 F.3d at 1058, 1062. The Ninth Circuit similarly concluded in *Avilez v. Garland*, 69 F.4th 525, 535 (9th Cir. 2023), that the petitioner's initial detention authority, there § 1226(c), continued to govern through the administrative and judicial phases of removal proceedings. While neither case involved a petitioner subject to the expedited review process, as is the case

here, when these cases are considered in tandem, they lend support to Respondents' position that, if § 1231(a) does not apply, Petitioner's current detention is governed by the same statute that governed his initial detention.

Here, Petitioner's initial detention in 2018 was governed by 8 U.S.C. § 1225(b)(1) as he was at the time processed for expedited removal and was therefore subject to mandatory detention. *See* 8 U.S.C. § 1225(b)(1)(B)(ii)(IV) ("Any alien subject to the procedures under this clause shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed.") Petitioner, whose 2018 removal order was recently reinstated, now purports to challenge that order through a petition for review pending before the Ninth Circuit. Given that Petitioner's petition for review arises directly out of his original removal order, Respondents' argument that the current proceedings constitute a continuation of the 2018 expedited removal process is well taken.

Petitioner disagrees, arguing that because he was actually removed in 2018 pursuant to the expedited removal process, and that process was completed upon his removal, the prior detention authority does not govern the detention that followed his "new arrest" in August 2026. Dkt. 8 at 6-7. Petitioner, however, offers no authority to support the proposition that his renewed detention pursuant to a reinstated removal order originally issued in accordance with the expedited removal process, a process which he purportedly now seeks to challenge in the Ninth Circuit, would cause a shift in his detention authority from § 1225(b)(1) to § 1226(a). The Court therefore concurs with Respondents that if § 1231(a) does not apply, Petitioner's detention is governed by § 1225(b)(1). And, as Petitioner would not be entitled to either release or a bond hearing under either provision, the Court need not conclusively determine which of these two provisions governs Petitioner's current detention.

## IV. CONCLUSION

Based on the foregoing, Petitioner's petition for writ of habeas corpus (dkt. # 1) is DENIED.

DATED this 9th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge